UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:13-CR-00050-TBR-2

UNITED STATES OF AMERICA                                    Plaintiff

v.

SHAUNDRELL ROBINSON                                         Defendant
(Defendant No. 2)

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant's Motion for Bill of Particulars, (Docket No. 11); Motion for Discovery and Inspection, (Docket No. 12); Motion for Production of Exculpatory and Impeachment Materials, (Docket No. 13); Motion for Grand Jury Transcript, (Docket No. 14); and Motion for Notice of Intent to Use Evidence, (Docket No. 15). The United States has responded to each of Defendant's Motions. (Docket Nos. 24; 22; 20; 21; 23, respectively.) These matters are now ripe for adjudication, and the Court will address each of Defendant's Motions in turn.

DISCUSSION

**I.     Motion for Bill of Particulars (Docket No. 11)**

Defendant moves the Court, pursuant to Fed. R. Crim. P. 7(f), to order the United States to provide the following particulars: (1) the exact location, including the street address where the alleged crimes charged in the indictment took place; (2) the exact dates and times of the alleged criminal acts charged; (3) the precise manner in which the crimes are alleged to have been committed; (4) the names and addresses of any person who actively participated in the matters of which Defendant stands accused

and who furnished information to law enforcement; (5) the names and addresses of persons who participated in, saw, or who are otherwise qualified to testify in court about, the commission of the crimes charged; and (6) the names and addresses of, and oral and written statements made by, witnesses and/or Defendant upon which the indictment is founded. (Docket No. 11, at 1-2.) The United States objects to Defendant's Motion, arguing that Defendant has already been provided with the information requested in numbers (1), (2), and (3), that Defendant is not entitled to the disclosure sought in numbers (4) and (5), and that the United States has provided all statements of Defendant and is prepared to comply with the requirements of the Jencks Act relative to number (6). (Docket No. 24, at 1-3.)

> Federal Rule of Criminal Procedure 7(f) provides:
>
> > The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

The Sixth Circuit has held that a bill of particulars is meant to be used as a tool to minimize surprise and assist a defendant in obtaining the information needed to prepare his defense and to preclude a second prosecution for the same crimes. *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976); *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965)). However, it is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial. *Id.* (citations omitted). Further, a defendant is not entitled to discover all the overt acts that might be proven at trial. *Id.* (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)). The test in passing

on a motion for a bill of particulars is whether the defendant has enough information about the offense charged to enable him to prepare adequately for trial. *United States v. Graham*, 487 F. Supp. 1317, 1320 (W.D. Ky. 1980) (citing 1 WRIGHT, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 129). A court does not abuse its discretion by denying a bill of particulars in light of a detailed indictment. *See Salisbury*, 983 F.2d at 1375; *United States v. Mahar*, 801 F.2d 1477, 1503 (6th Cir. 1986).

As to Defendant's requests at numbers (1), (2), and (3), the Court, having reviewed the indictment, is of the opinion that the indictment recites with sufficient particularity the charges against which Defendant will have to defend. Regardless, the information called for has been provided in the discovery materials provided by the United States. Thus, in light of the United States' averment that it has disclosed the information requested, the Court will deny those requests as moot. As to Defendant's requests at number (4) and (5), the Court finds that Defendant is not entitled to such disclosure by way of a bill of particulars. As the Sixth Circuit reasoned in *United States v. Sanders*:

> Counsel for appellant sought . . . to require the prosecution to give the names and addresses of every informer or person relied upon for information and of all persons whom the government expects to call as witnesses at the trial. This is not a proper subject for a motion for a Bill of Particulars.

462 F.2d 122, 123 (6th Cir. 1972) (citations omitted). Thus, the Court will deny this request. Finally, as to Defendant's request at number (6), the United States avers that all statements known to have been made by Defendant have been provided and that the United States is prepared to comply with the requirements of the Jencks Act. As such, the Court will deny this request as well.

For these reasons, Defendant's Motion for Bill of Particulars, (Docket No. 11), will be DENIED.

## II. Motion for Discovery and Inspection (Docket No. 12)

Defendant moves, pursuant to Fed. R. Crim. P. 26, for an order directing the United States to furnish him with, or permit his attorney to inspect, copy, or photograph, certain documents, photographs, recordings, and other tangible objects. (Docket No. 12.) The United States argues that this request should be denied as moot. (Docket No. 22.) By order of April 19, 2013, this Court ordered reciprocal discovery pursuant to Fed. R. Crim. P. 16. (Docket No. 9.) Because that order addresses the materials sought by Defendant, his Motion for Discovery and Inspection, (Docket No. 12), will be DENIED as moot.

## III. Motion for Production of Exculpatory and Impeachment Materials (Docket No. 13)

Defendant moves the Court, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1982), for an order directing the United States to produce all exculpatory material as well as all material that might be used to impeach or challenge the credibility of the United States' witnesses. (Docket No. 13.) The United States responds, stating that it recognizes, has complied with, and will continue to comply with its duties under *Brady* and *Giglio*. (Docket No. 20, at 1.) The United States argues, however, that Defendant's request in this Motion is broader than the duties defined in *Brady* and *Giglio* and should be denied. (Docket No. 20, at 1.)

To the extent Defendant's Motion seeks production of materials beyond the United States' obligations under *Brady* and *Giglio*, that request will be DENIED.

However, the United States is reminded of, and shall comply with, its disclosure obligations under *Brady* and *Giglio*.

### IV. Motion for Grand Jury Transcript (Docket No. 14)

Defendant moves the Court to order the United States to provide him a copy of the grand jury transcript. (Docket No. 14.) The United States objects, arguing that Defendant has not made the requisite showing to warrant production of the materials sought. (Docket No. 21.)

Federal Rule of Criminal Procedure 6(e)(2) provides a general requirement of secrecy relative to grand jury proceedings. In this vein, the Sixth Circuit holds that "[t]here is a strong policy in favor of maintaining the secrecy of grand jury proceedings." *United States v. Azad*, 809 F.2d 291, 294-95 (6th Cir. 1986) (quoting *United States v. Short*, 671 F.2d 178, 184 (6th Cir. 1982)). Accordingly, "[d]isclosure is proper only on a showing of 'compelling necessity' and 'particularized need.'" *Id.* at 295 (citing *Short*, 671 F.2d at 184; *United States v. Lisinski*, 728 F.2d 887, 893 (7th Cir. 1984)). Here, Defendant merely states that he "needs the transcripts to assist in the preparation of his defense." (Docket No. 14, at 1.) This general assertion does not make the requisite showing of "compelling necessity" or "particularized need." Accordingly, Defendant's Motion for Grand Jury Transcript, (Docket No. 14), will be DENIED.

### V. Motion for Notice of Intent to Use Evidence (Docket No. 15)

Defendant moves the Court, pursuant to Fed. R. Crim. P. 12(b)(4), to order the United States to give notice in writing not less than 20 days before trial of its intent to

use evidence of other crimes, wrongs, or acts of Defendant and to specify the evidence that it intends to use. (Docket No. 15.) The United States objects, urging instead that 14 days' notice is both reasonable and sufficient. (Docket No. 23.)

Federal Rule of Evidence 404(b) requires that, on request by a defendant in a criminal case, the prosecutor must provide reasonable notice of the general nature of evidence of crimes, wrongs, or other acts that the prosecutor intends to offer at trial. This notice requirement "is intended to reduce surprise and promote early resolution on the issue of admissibility." Fed. R. Evid. 404(b) (advisory committee note) (1991 amend.). The Court finds that the United States' proposed 14-day notice is reasonable. *Cf. United States v. French*, 974 F.2d 687, 694-95 (6th Cir. 1992) (concluding that 7 days' notice was reasonable for the government to notify the defense of its intent to produce "other crimes" evidence). As such, the Court will DENY Defendant's Motion for Notice of Intent to Use Evidence, and ORDER that the United States shall provide notice of Fed. R. Evid. 404(b) evidence no later than 14 days prior to trial.

CONCLUSION AND ORDER

Having considered Defendant's Motions and being otherwise sufficiently advised, consistent with the foregoing discussion;

IT IS HEREBY ORDERED as follows:

(1) Defendant's Motion for Bill of Particulars, (Docket No. 11), is DENIED;

(2) Defendant's Motion for Discovery and Inspection, (Docket No. 12), is DENIED as moot;

(3) Defendant's Motion for Production of Exculpatory and Impeachment Materials, (Docket No. 13), is DENIED;

(4) Defendant's Motion for Grand Jury Transcript, (Docket No. 14), is DENIED; and

(5) Defendant's Motion for Notice of Intent to Use Evidence, (Docket No. 15), is DENIED. The United States SHALL provide notice of Fed. R. Evid. 404(b) evidence <u>no later than 14 days prior to trial</u>.

IT IS SO ORDERED.

Date:

cc: Counsel
    AUSA