UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:13-CR-50-R

UNITED STATES OF AMERICA                                                         PLAINTIFF

v.

SHAUDRELL ROBINSON                                                               DEFENDANT

**MAGISTRATE JUDGE'S REPORT
and RECOMMENDATION**

Before the Court is Defendant Shaudrell Robinson's motion to suppress. (DN 49). On December 12, 2013, a suppression hearing was held in Louisville, Kentucky. Robert Bonar, AUSA, appeared on behalf of the Government. Aubrey Williams appeared on behalf of the Robinson. Terri Turner, official court reporter, recorded the proceedings. The Government introduced the testimony of Detective Aleasha Rhudy and Detective Keith Simpson of the Louisville Metro Police Department.

Robinson moved to suppress statements he made after his arrest on January 5, 2013, based on his argument that he did not knowingly and voluntarily waive his *Miranda* rights. (DN 49). During the suppression hearing, Robinson made an oral motion to suppress based on his argument that the police lacked probable cause to arrest Robinson on January 5, 2013. The Government and Robinson have submitted additional briefing on both of these issues. (DN 58, DN 67, DN 69). This motion is now ripe for adjudication. The magistrate judge RECOMMENDS that Defendant's motion to suppress (DN 49) be DENIED.

**BACKGROUND**

Robinson, along with Defendant Troy Lamont Gaines, Jr., is charged with aiding and abetting robbery and the use of a firearm in relation to a crime in violation of 18 U.S.C. §§ 1951;

1

924(c)(1) *inter alia*. Robinson moves to suppress statements he made following his arrest on January 5, 2013. Robinson argues that the police lacked probable cause to stop and arrest him. Robinson also argues that his mental state prevented him from knowingly and voluntarily waiving his *Miranda* rights. (DN 49).

The police arrested Robinson in the early morning hours of January 5, 2013. (DN 62, pg. 12). Robinson had allegedly dropped off Defendant Gaines at a Speedway, where Gaines allegedly committed robbery with a weapon. (DN 62, pg. 11-12). The police pulled over Robinson shortly thereafter. The vehicle being driven by Robinson allegedly matched the vehicle that dropped off Gaines at the Speedway and the description of the vehicle used in over twenty previous robberies. (DN 62, pg. 108).

The police took Robinson to police headquarters at 5:19 a.m. (DN pg. 13). Robinson signed a form acknowledging and waiving his *Miranda* rights at 6:12 a.m. (DN 62, pg. 19). Shortly thereafter, Robinson was interviewed by Detective Rhudy. During the interview, Robinson confessed to his involvement in over twenty robberies. (DN 62, pg. 39). Robinson then made a recorded confession at 12:10 p.m. (DN 62, pg. 44).

## **LEGAL STANDARD**

Robinson's first argument is that the police lacked probable cause to arrest him.

An arrest without a warrant is constitutionally valid if the police "had probable cause to make it – whether at the moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964). The Court may "examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police

2

officer, amount to' probable cause." United States v. Romero, 452 F.3d 610, 615 (6th Cir. 2006).

Robinson's second argument is that he is mentally challenged and could not knowingly waive his *Miranda* rights at the time of his confession.

A defendant may waive his Miranda rights, but the waiver must be done "knowingly, voluntarily, and intelligently" to be valid. United States v. Perez, 2012 U.S. Dist. LEXIS 40050 *9 (W.D. 2012); see also Colorado v. Connelly, 479 U.S. 157, 163 (1986). This does mean the defendant considered "'every possible consequence of a waiver.'" Garner v. Mitchell, 557 F.3d 257, 261 (6th Cir. 2009) (quoting Colorado v. Spring, 479 U.S. 564, 573-74 (1987)). It means that the defendant was aware that he may "'choose not to talk to law enforcement officers, to talk only with counsel present, or to discontinue talking at any time.'" Id; Hall v. Beckstrom, 2012 U.S. Dist. LEXIS 140388 *114 (W.D. Ky. 2012).

In deciding whether a defendant made a "knowing, intelligent, and voluntary waiver," the Court "must examine the totality of the circumstances." Beckstrom, 2012 U.S. Dist. LEXIS 140388 at 115. This includes "such factors as the age, education and intelligence of the Defendant, the nature and circumstances of the interrogation," and whether the police used "coercive tactics" such as "threats or promises." Id. "[D]iminished mental capacity alone does not prevent a defendant from validly waiving his or her *Miranda* rights." Garner v. Mitchell, 557 F.3d 257, 264 (6th Cir. 2009).

"When examining these totality of the circumstances, the Court is to look at the matter 'primarily from the perspective of the police.'" Beckstrom, 2012 U.S. Dist. LEXIS 140388 at 114 (quoting Garner, 557 F.3d at 261-63). Therefore, the analysis is "whether the police believed [the Defendant] understood their explanation of those [*Miranda*] rights." Garner, 557

3

F.3d at 262-63 ("The underlying police-regulatory purpose of *Miranda* compels that these circumstances be examined, in their totality, primarily from the perspective of the police.").

The government bears the burden of proving by a "preponderance of the evidence" that Robinson voluntarily waived his *Miranda* rights. <u>United States v. Bloomer</u>, 2006 U.S. Dist. LEXIS 36762 *22 (W.D. Ky. 2006) (<u>citing</u> <u>United States v. Wrice</u>, 954 F.2d 406, 410 (6th Cir. 1992).

## **DISCUSSION**

The police had probable cause to believe that Robinson had aided and abetted a robbery and therefore to arrest him. In the weeks preceding Robinson's arrest, over twenty robberies had been committed in the Louisville metro area. (DN 62, pg. 6). The police had a description of the car they believed was involved in these robberies. (DN 62, pg. 108). The Robbery Unit was deployed that night searching for that vehicle. (DN 62, pg. 6, 108). An officer observed a car that matched the description. (DN 62, pg. 108). The officer followed the car to Speedway, but did not intervene[1] until after Gaines had exited. (DN 62, pg. 108). Robinson was followed leaving the area of the Speedway, pulled over, and arrested. (DN 62, pg. 12-13).

At the suppression hearing, Robinson questioned the quality of the police's description of the suspect vehicle, including when the police first recorded the suspected vehicle's license plate number. (DN 62, pg. 106-17). Regardless of when the police first obtained the license plate number, the police still pulled Robinson over driving a vehicle that matched the description of a vehicle used in prior robberies, a short distance and short time after the robbery at the Speedway had been reported. These facts are sufficient for a reasonable man to believe that the driver of

---

[1] Detective Simpson's explanation for why the officer did not stop a robbery in progress: "And some people kind of think, well, why didn't he stop it. You can't. If you can't get to them before they get to the door, you have to almost let them go in and do it because you could create a hostage situation potentially. So he did exactly right." (DN 62, pg. 108).

4

that vehicle – Robinson – had committed or aided the commission of a crime.  Beck, 379 U.S. at 91.

Robinson also argues that although he confessed to the robberies, his mental deficiencies prevented him from knowingly and voluntarily confessing.  See e.g. Connelly, 479 U.S. at 163.  Robinson primarily relies on the fact that the "Social Security Administration has declared him to be intellectually disabled."  (DN 49).

There is no clearly defined minimum level of intelligence required for a suspect to understand and waive his *Miranda* rights.  Hall v. Beckstrom, 2012 U.S. Dist. LEXIS 140388 *123-26 (W.D. Ky. 2012) (collecting cases);  Garner, 557 F.3d at 264 (collecting cases).

The presence of a mental disability is merely one factor in determining whether a defendant's confession was involuntary, though it does "require the Court to examine more carefully all of the remaining circumstances that surround the impaired defendant's confession."  Beckstrom, 2012 U.S. Dist. LEXIS 140388 at 125.

In this case, all other indications are that Robinson understood his *Miranda* rights and voluntarily waived them.  Robinson was given a standard Waiver of Rights form, initialed it five times next to each right, and signed it at the bottom.  (DN 49, pg. 20).  Detective Rhudy and Robinson spent three minutes reviewing the form. (DN 49, pg. 21-22).  Robinson was offered the opportunity to smoke, use the restroom, and drink water during the interrogation.  (DN 49, pg. 61).  There is no evidence that Robinson was threatened or that promises were made to him to elicit a confession.  (DN 62, pg. 28, 76).  Finally, to the police it appeared that Robinson understood his rights.  Garner, 557 F.3d at 262-63.  On cross-examination, Detective Rhudy was asked whether Robinson understood his *Miranda* rights.  Rhudy responded:   "When he was asked if he understood -- and he seemed to understand -- he said he understood. I had no reason

to believe that he did not understand.[2]" (DN 62, pg. 46); Garner, 557 F.3d at 265 (observing that involuntary confessions based on "limited intellectual capacity . . . [f]requently . . . also feature observable indication to police that the defendant was incapable of understanding the *Miranda* warnings").

In short, while Robinson may possess limited intellectual abilities, there are no other indications that he did not understand and voluntarily waive his *Miranda* rights. United States v. Adams, 583 F.3d 457, 467 (6th Cir. 2009) (stating a *Miranda* waiver requires "an uncoerced choice and the requisite level of comprehension.").

## **RECOMMENDATION**

The police had probable cause to pull over Robinson, who was driving a vehicle that matched the description of one the police were searching for. Although Robinson may be limited mentally, there is no other indication that he did not understand his *Miranda* rights or was coerced into waiving them.

Robinson requested a *Franks* hearing, but because this request was not made until Robinson's reply (DN 69), the Government has not had an opportunity to respond.

The magistrate judge RECOMMENDS that Robinson's motion to suppress (DN 49) be DENIED and that Robinson's request for a *Franks* hearing be DENIED with leave to re-file.

## **NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), any party shall have a period of fourteen (14) days, including intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a)(1)(B), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to

---

[2] Detective Rhudy did not talk to Robinson about his education, employment history, or whether he had been declared disabled by the SSA. (DN 62, pg. 45).

Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within fourteen (14) days after being served with a copy of said objections.  A period of three days shall be added to each fourteen (14) day period.  Fed.R.Civ.P. 6(d) and 5(b)(2)(E).

The original objections shall be sent to the Clerk of Court either electronically or by mail.  Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party.  Thomas v. Arn, 474 U.S. 140 (1985).

c:	Counsel