UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:13-CR-00050-TBR-2

UNITED STATES OF AMERICA                                              Plaintiff

v.

SHAUNDRELL ROBINSON                                                   Defendant
(Defendant No. 2)

**ORDER**

This matter is before the Court upon Defendant Shaundrell Robinson's Motion to Suppress. (Docket No. 49.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred Defendant's Motion to the United States Magistrate Judge to conduct a suppression hearing and issue a report and recommendation. (Docket No. 50.) The Magistrate Judge conducted a suppression hearing on December 12, 2013, and issued his Findings of Fact, Conclusions of Law, and Recommendation on March 5, 2014, recommending that the Defendant's Motion to Suppress be denied. (Docket No. 72.)

Defendant Robinson, in his original Motion, moved to suppress statements he made after his arrest on grounds that he did not knowingly and voluntarily waive his *Miranda* rights. (*See* Docket No. 49.) During the December 12 suppression hearing, Defendant made an oral motion to suppress on grounds that the police lacked probable cause to arrest him. The Magistrate Judge considered both arguments in his Report and Recommendation. (Docket No. 72.) Defendant Robinson did not file objections to the Magistrate Judge's recommendation; however, he did file a second Motion to Suppress,

(Docket No. 75), and requested a *Franks* hearing to address the issue of probable cause. The Court has since scheduled a hearing on Defendant's second Motion for April 15, 2014. (*See* Docket No. 77.)

In *United States v. Curtis*, the Sixth Circuit outlined the proper standard of review for objections to a ruling or recommendation by a Magistrate Judge:

> Thus, § 626 creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive, preliminary measures of § 636(b)(1)(A)." *United States v. Raddatz*, 447 U.S. 667, 673 (1980). Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment *or for the suppression of evidence*, are governed by the de novo standard. *Id.* at 674.

237 F.3d 598, 603 (6th Cir. 2001) (emphasis added). Accordingly, the Court has conducted a *de novo* review of the transcript of the suppression hearing, (Docket No. 62), the Magistrate Judge's Findings of Fact and Conclusions of Law, (Docket No. 72). Having done so, the Court will adopt the portion of the Magistrate Judge's Report relative to the issue whether Defendant Robinson knowingly and voluntarily waived his *Miranda* rights. In view of Defendant Robinson's pending Motion to Suppress, (Docket No. 75), and the hearing on that Motion set for April 15, the Court will defer ruling on the portion of the Magistrate Judge's Report relative to the issue whether police had probable cause to stop and arrest Defendant Robinson. Accordingly;

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation, (Docket No. 72), is ADOPTED IN PART, and the portions thereof

relative to the issue whether Defendant Robinson knowingly and voluntarily waived his *Miranda* rights are incorporated herein by reference.

IT IS HEREBY FURTHER ORDERED that Defendant Robinson's Motion to Suppress, (Docket No. 49), is DENIED. The Court makes no ruling at this time relative to the issues raised in Defendant Robinson's second Motion to Suppress, (Docket No. 75), and declines to adopt the portions of the Magistrate Judge's Report and Recommendation addressing those issues at this time.

IT IS SO ORDERED.

Date:


cc:     Counsel for Defendant
        AUSA